UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00464-MOC

| TERRY DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 6), and Defendant's Motion for Summary Judgment, (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits under 42 U.S.C. § 405(g) (2018). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this matter is REVERSED and REMANDED for a decision consistent with this order.

### FINDINGS AND CONCLUSIONS

**I.  Administrative History**

On March 21, 2017, Plaintiff first filed an application for Social Security disability insurance benefits. (Tr. 58). Plaintiff's claim was denied initially and on reconsideration. (Tr. 58–69, 152–155). Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (Tr. 158–165). After a hearing, the ALJ denied Plaintiff's claim on May 3, 2018. (Tr. 58–69). Plaintiff then requested review from the Appeals Council. (Tr. 1–7). The Appeals Council denied review, making the ALJ's May 3, 2018, decision the final decision of the

1

Commissioner of Social Security ("Commissioner").  (Id.).  After the denial by the Appeals Council, Plaintiff timely filed this action.

## II. Standard of Review

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).  A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision.  Id. (internal quotation marks omitted).  The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III. Substantial Evidence

### A. Introduction

The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the ALJ's decision is supported by substantial evidence.  The Court finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

  a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

  b. An individual who does not have a "severe impairment" will not be found to be disabled;

  c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

  d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

  e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)–(f). Here, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process, finding that Plaintiff was not disabled. (Tr. 68–69).

**C.     The Administrative Decision**

The issue before the ALJ was whether Plaintiff was disabled between the alleged onset date of July 6, 2016, and the date of decision. To determine whether Plaintiff qualified as disabled, the ALJ implemented the standard five-part evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 61). At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, hypertension, status post-anterior cervical discectomy and fusion (ACDF), post-traumatic stress disorder (PTSD), and depression. (Id.). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations. (Id. at 63). Plaintiff could only occasionally lift things less than five pounds overhead, and occasionally stoop and crouch, but not kneel or crawl. (Id.). He could occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds. (Id.). He could frequently handle, finger, reach, and feel bilaterally, but could not constantly turn his head or neck. (Id.). He should avoid the excessive heat or cold. (Id.). Plaintiff could walk with a cane and carry up to 20 pounds in a free hand. (Id.). Plaintiff was further limited to using a computer for no more than 30 minutes at a time before taking a five-minute break and to performing simple, routine, and repetitive tasks for two hours at a time. (Id.). Plaintiff could not have constant changes in routine, complex decision-making, or crisis situations. (Id.). He could, however, have occasional interaction with the public, supervisors, and coworkers. (Id.).

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a mail carrier, concrete-mixing truck driver, security guard, or office manager. (Id. at 67). At step five, however, the ALJ found Plaintiff was capable of performing jobs existing in significant numbers in the national economy, including photo machine operator, router, and non-postal mail clerk. (Id. at 68). Based on this finding, the ALJ determined that Plaintiff was not disabled from July 6, 2016, through May 3, 2018, the date of decision. (Id. at 69).

**D.    Discussion**

**1.    Plaintiff's Assignments of Error**

Plaintiff makes two assignments of error in this case. First, Plaintiff argues that the ALJ failed to properly consider the disability determination made by the U.S. Department of Veterans

Affairs (the "VA").  Second, Plaintiff contends that the ALJ did not sufficiently explain his RFC finding.  As the ALJ did not properly consider the VA's disability determination, the case is remanded on that error and the Court will not reach the second issue.

**2.     Consideration of VA Disability Determination**

Plaintiff first argues that the ALJ erred by failing to properly consider the VA disability determination in violation of the standard set in Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012).  (Pl. Br. 9).  Defendant responds first by arguing that Bird does not apply, and second, that even if Bird does apply, the ALJ did not violate its standard.  (Def. Br. 4).

In Bird, the Fourth Circuit held that an ALJ must assign "substantial weight" to a VA disability determination unless the record "clearly demonstrates" that lesser weight is appropriate and the ALJ explains why the VA decision was not given substantial weight.  699 F.3d at 343. While Plaintiff argues that the ALJ violated this principle, Defendant argues the principle does not apply because this case is distinguishable from Bird.  (Pl. Br. 11; Def. Br. 4).  In Bird, the Fourth Circuit ruled based on evidence that included the full VA disability rating decision.  699 F.3d at 339.  Defendant argues that, here, the record contains only the numerical VA rating, not the VA rating decision. (Def. Br. 4).  Based on this distinction, Defendant argues that Bird does not apply. (Id.).  In support, Defendant cites two cases where the court held numerical disability ratings without the supporting rating decisions insufficient to warrant the application of Bird.  See Rodgers v. Colvin, No. 5:13-CV-345-D, 2015 WL 636061, at *8 (E.D.N.C. Feb. 13, 2015); Tremble v. Colvin, No. 2:15-CV-1-D, 2016 WL 484214, at *9 (E.D.N.C. Jan. 20, 2016).  In Rodgers, the court held that Bird did not apply as the record did not include the VA disability rating decision. Rodgers, 2015 WL 636061, at *8.  While the VA disability rating percentage did enter into trial

5

through Plaintiff's testimony and through reference in other medical documents, the court held that there was a significant difference between a VA's numerical disability rating and a rating decision complete with supporting evidence. Id. Based on this difference, the court held that a numerical disability score alone was insufficient to warrant the application of Bird. Id. Defendant here attempts to make the same claim. (Def. Br. 4).

Like Rodgers, in Tremble, the court found that Plaintiff's testimony VA's numerical disability rating, without a supporting VA rating decision report or underlying medical records, would not trigger the application of Bird. Tremble, 2016 WL 484214, at *9. To support this distinction, the court reasoned that a numerical score alone lacked the rationale contained in a full VA disability rating report. Id. ("While various treatment records from the VA are contained in the SSA's Administrative Record, which make passing reference to Tremble's numerical disability rating, they do not contain the VA's decision explaining the rationale behind her award of benefits.").

In contrast to both Rodgers and Tremble, the record here does contain the VA disability rating decision. (Tr. 2951–55). In this decision, the VA assigns specific percentages of disability to each of Plaintiff's conditions. (Id.). Below each of these percentages, the VA lists the rationale supporting each determination. (Id.). Here, as the record contains the full rating decision with the VA's supporting rationale, neither Rodgers nor Tremble provide a sufficient basis to avoid the application of Bird, which holds that an ALJ must either assign substantial weight to a VA disability determination or provide sufficient reason why the record "clearly demonstrates" that substantial weight should not be applied. Bird, 699 F.3d at 343. To "clearly demonstrate," an ALJ must provide "persuasive, specific, and valid" reasons supporting his determination. Woods v. Berryhill, 888 F.3d 686, 692–93 (4th Cir. 2018).

Here, the ALJ assigned "little weight" to the VA's disability rating of 100%. (Tr. 66). Explaining this determination, the ALJ noted that the VA and the Social Security Administration have "fundamentally different" processes for determining disability. (Id.). The ALJ noted that that the VA does not make a "function-by-function assessment of a individual's capabilities," or determine whether an individual is capable of performing either relevant past work or work that exists in significant numbers in the national economy. (Id.). Based on these differences, the ALJ held the VA disability determination was of "little probative value in these proceedings." (Id. at 67). Finally, the ALJ stated that since the Social Security Administration makes determinations of disability according to Social Security law, "a determination of disability by another agency is not binding." (Id.).

The ALJ's ruling that the VA disability rating was of "little probative value" conflicts with both the Fourth Circuit's holding and reasoning in Bird. 699 F.3d at 343 ("[T]he VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability . . . [b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.") (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). As the ALJ's reasons here for not assigning substantial weight to the VA disability determination could be applied to every case involving a VA disability determination, the ALJ cannot invoke these reasons without directly contradicting both the rationale and the holding of Bird.

Defendant argues, alternatively, that even if Bird does apply, the ALJ provided sufficient reasons to "clearly demonstrate" why he assigned "little weight" to the VA rating decision. (Def.

7

Br. 5). The ALJ's written decision does not support this argument. (Tr. 58–69). In the written decision, the ALJ only discussed the VA rating determination explicitly using the broad language discussed above. (Tr. 66–67) ("[T]he processes used by the VA and the Social Security Administration are fundamentally different."). Beyond that, the ALJ provides no further explanation as to why he assigned little weight to the VA decision. (Tr. 58–69).

While Defendant argues that the ALJ's analysis of the underlying medical record and decision to dismiss the VA rating decision are supported by substantial evidence, this would only be true had the ALJ explicitly made such a connection. See McDonald v. Colvin, No. 3:15-cv-00598-MOC, 2016 WL 4084040, at *7 (W.D.N.C. July 29, 2016) (finding Bird satisfied where the ALJ "noted that while he 'fully considered' the VA disability rating, he gave it little weight because it was inconsistent with the evidence of the record"). Because the ALJ did not explain why he assigned little weight to the VA rating decision, however, Defendant may not now offer them as valid *post hoc* rationalizations. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168–69 (1962) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) and stating that "[c]ourts may not accept appellant counsel's *post hoc* rationalizations for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself.").

Here, the ALJ did not expressly connect his discussion of underlying medical evidence with his decision to give "little weight" to the VA opinion. Without this express connection, discussion elsewhere in the opinion does not rise to the level of "persuasive, specific, and valid" explanation required to clearly demonstrate why less weight should be afforded. See Woods, 888 F.3d at 692–93. The ALJ did not "clearly demonstrate" why he assigned little weight to the VA rating decision, violating the standard set in Bird. As such, remand is warranted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion for Summary Judgment is **DENIED**, and this matter is **REVERSED** and **REMANDED** for a decision consistent with this Order.

Signed: September 16, 2019

Max O. Cogburn Jr
United States District Judge